**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| REBECCA RABIN, | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| Plaintiff, | ) **FOR DAMAGES** |
| v. | ) |
| | ) No. |
| CAPITAL ONE BANK (USA), N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

NOW COMES Plaintiff, REBECCA RABIN ("Plaintiff"), through her attorneys, and hereby alleges the following against Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a

substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in the Sangamon County, in the city of Springfield, Illinois.

5. Defendant is a Virginia corporation doing business in the State of Illinois with its principal place of business located in McLean, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

8. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (217) 481-01XX.

9. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (866) 953-7906.

10. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

11. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, REBECCA RABIN.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

14. On or about November 21, 2016, at or about 12:24 p.m. Pacific Standard Time, the Plaintiff called into Defendant's company at phone number (800) 955-6600 and spoke with Defendant's female representative ("Anna") and requested that Defendant cease calling Plaintiff's cellular phone.

15. During the conversation on November 21, 2016, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

16. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on November 21, 2016.

17. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on the same day of December 12, 2016.

18. Defendant continued to place collection calls to Plaintiff through March 17, 2017.

19. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred seventy-three (173) automated calls to Plaintiff's cell phone.

///

///

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

20. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

22. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

23. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

26. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

27. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, REBECCA RABIN, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

## FIRST CAUSE OF ACTION

28. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (173); $86,500.00;

29. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

30. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (173); $259,500.00;

31. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

32. Actual damages and compensatory damages according to proof at time of trial;

33. Costs and reasonable attorneys' fees;

34. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

35. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

PLAINTIFF'S COMPLAINT

DATED:  July 7, 2017

**COZMYK LAW OFFICES, LLC**

By:  /s/ Peter Cozmyk
PETER COZMYK (0078862)
*Attorney for Plaintiff*
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd., Suite 200
Independence, OH 44131
pcozmyk@hotmail.com
P: 440-292-7672
F: 216-485-2125

PLAINTIFF'S COMPLAINT